UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DONALD SADLER, ET AL     CIVIL ACTION NO. 09-cv-1254

VERSUS     JUDGE JAMES

INTERNATIONAL PAPER CO.     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Plaintiffs are a group of more than 75 persons who allege personal injury and property damage claims against International Paper Co. ("IP") allegedly caused by discharges of air pollution and other substances from IP's Bastrop paper mill. IP has filed two motions to dismiss various plaintiffs and claims on the grounds that some plaintiffs did not respond adequately or at all to court-ordered questionnaires. It is recommended, for the reasons that follow, that the motions be granted in part and denied in part.

**Procedural History**

The parties filed a Rule 26 report (Doc. 18) in which they stated: "To organize further case progression, the Parties have agreed that a plaintiff questionnaire process - completed under oath by each Plaintiff and providing details about themselves, their property, and their alleged injuries - is appropriate." The parties attached a copy of the questionnaire, which had been used in a similar case in Alabama. The parties proposed in the report that each plaintiff

serve a complete questionnaire by June 14, 2010. The parties contemplated that the results from the questionnaires would be used to shape the discovery and case management process.

The questionnaires asked for basic information such as a plaintiff's name, date of birth, list of addresses where a plaintiff has resided, a description of the illness, injury or condition that a plaintiff claims was caused by exposure to substances from the mill, and basic information about any property a plaintiff claims was damaged.

The court held a status conference. Plaintiffs reported that they were already in the process of filling out the proposed questionnaire. The court ordered that the "deadline for each Plaintiff to deliver their completed questionnaire to counsel for Defendant is June 30, 2010." Plaintiffs were encouraged to roll out the completed questionnaires as they were completed. The court set a related deadline of July 30, 2010 for IP to file any motions based on the lack of a questionnaire, failure to assert a property damage claim, or other issues related to the questionnaire process. Doc. 20.

IP represents that it heard nothing from Plaintiffs regarding the questionnaires until June 21, when one of Plaintiffs' counsel emailed counsel for IP and asked for an informal extension of 20 days past the June 30, 2010 deadline. IP responded that the court's order set the deadline, so any extension would have to be obtained by motion rather than informal agreement. Counsel for IP stated that IP would not oppose the motion, provided that IP was given an additional 20 days to file any motions related to the questionnaire responses. IP also insisted that the new deadline be a final one, after which all Plaintiffs who did not submit

completed questionnaires would be subject to dismissal with prejudice. Plaintiffs never filed a motion for extension of the June 30 deadline.

Plaintiffs served on the June 30 deadline 48 Plaintiff questionnaires. IP soon wrote Plaintiffs' counsel and asked that the missing questionnaires, approximately 29 in number, be delivered no later than July 7, 2010. IP represents that Plaintiffs did not respond to the letter in any way. Plaintiffs did serve on July 8 questionnaires from six additional Plaintiffs. As of that date, 23 of the named Plaintiffs had not served a questionnaire. IP has filed a Motion to Dismiss Certain Plaintiffs (Doc. 21) that asks for dismissal with prejudice of the claims asserted by those 23 persons. Plaintiffs did not file any timely opposition to the motion to dismiss the non-responding Plaintiffs.

IP later filed a Motion to Dismiss Certain Plaintiffs and Certain Claims (Doc. 23) that asks for (1) dismissal of the property damage claims by 42 Plaintiffs who did not provide any answers to the property damage questions, (2) dismissal of the property damage claims of three Plaintiffs whose questionnaire answers did not provide adequate notice of a property damage claim, (3) dismissal of the personal injury claims of two Plaintiffs whose questionnaire answers did not provide adequate notice of a personal injury claim, and (4) dismissal of various other Plaintiffs and claims based on deficiencies in the questionnaire responses.

Plaintiffs did file a memorandum after IP's second motion was noticed. See Doc. 27. The memorandum states that it is in response to a "Motion to Dismiss Certain Claims,"

which does not match the title of either motion. The memorandum states in the opening sentence that it is in response to Doc. 21, the first-filed motion to dismiss. It appears that the memorandum is really directed more toward the second motion, but it also addresses some issues raised in the first motion. Although the memorandum is untimely with respect to the first motion, the court will take it into consideration.

**Standard for Dismissal**

IP asks the court to dismiss with prejudice all or some of the claims of several plaintiffs who did not timely serve a questionnaire or who did not properly and completely answer the questionnaire. A dismissal with prejudice for violation of a discovery order is permitted if: (1) the refusal to comply results from wilfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct; (2) the violation is attributable to the client instead of his attorney; (3) the misconduct substantially prejudices the opposing party; and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. FDIC v. Conner, 20 F.3d 1376, 1380-81 (5th Cir. 1994). See also Doe v. American Airlines, 283 Fed. Appx. 289 (5th Cir. 2008) (affirming dismissal with prejudice for failure to comply with court-ordered discovery obligations).

**No Questionnaire Served**

Plaintiffs' counsel represent that the staff from two law offices have worked tirelessly to provide IP the information requested in the court-ordered questionnaires. Counsel believe they are making every conceivable effort to ensure complete and accurate information. They

state that contact has been made with the majority of the claimants, but counsel have not been able to reach each claimant. The task has been made difficult by the fact that many of the claimants are of low educational and economic background, and some work two jobs, have no telephone, or are transient. Counsel state that it has always been their goal to have Plaintiffs fill in as much information as they could on the questionnaires and supplement as more details became known or available. IP counters that the court's order did not allow for incomplete or delayed responses to the basic questionnaire.

Several Plaintiffs have failed to serve any questionnaire, timely or untimely. Counsel provide details of their substantial efforts to contact these several Plaintiffs. See Doc. 27, Exhibit A1. Counsel provide notes specific to each of the subject Plaintiffs regarding multiple voice mail messages left on home and cell phones, clarification letters mailed, contact with family members, direct contact with claimants, and similar efforts to persuade the claimants to complete and sign under oath the simple questionnaire. Counsel's repeated efforts were ignored, providing a clear record of delay and suggesting wilfulness rather than mere oversight. The failure must be attributed to the clients rather than the attorney, as the record suggests the attorney made multiple efforts to obtain the cooperation of the client.

The court cannot delay matters indefinitely based on the possibility that an uncooperative claimant may eventually decide to send in or supplement his questionnaire. The questionnaire serves as an effective weeding-out tool that determines which of the claimants is serious and prepared to go forward with the litigation, and which of them should

be dismissed now without the need for further investment of time and resources of the court and counsel with respect to their claims.

The absence of the basic questionnaire information will substantially prejudice IP. The complaint does not indicate which of the multiple plaintiffs claim which kinds of damages. The questionnaire was intended to allow the claimants to be categorized according to the forms of damages and health issues claimed, which would allow the parties and the court to sort the Plaintiffs into groups so that discovery and other aspects of the litigation can be planned in a reasonable manner. The lack of such basic information thwarts that process.

These facts warrant dismissal with prejudice. There is no reason to believe that a less drastic sanction such as monetary sanctions would achieve the desired effect. As the judge noted in a similar Alabama paper mill case, when a party files a lawsuit the court should not have to twist his arm to gain his cooperation in the most simple aspects of the litigation. That several claimants in this case did not take the simple step of completing a questionnaire, despite their attorneys' reminders and offers to help, is a strong indication that those claimants do not really care to participate in the litigation process.

Furthermore, if these Plaintiffs will not fill out a simple questionnaire, there is no reason to believe that they will be willing or able to participate in the more significant aspects of the litigation process such as responding to detailed interrogatories, attending a deposition or hearing, or meeting with counsel to prepare affidavits in connection with motion practice. When a Plaintiff demonstrates such little interest in his lawsuit, the court should dismiss it

with prejudice so that the parties who are interested in the litigation may move forward without further concern about the uncooperative Plaintiffs. The list of Plaintiffs who served no questionnaire response and whose claims should be dismissed with prejudice are:

    (1)    Jonathan Brown
    (2)    Aleshia Davenport
    (3)    Larry Davenport
    (4)    Merle Davis
    (5)    James Hawthorne
    (6)    Jessica Hawthorne
    (7)    Kayla Hawthorne
    (8)    Laura Hawthorne
    (9)    Jaleshia Jackson
    (10)    Carolyn King
    (11)    Hazel May
    (12)    Danasha Nimmers
    (13)    Danessa Nimmers
    (14)    Louis Odom
    (15)    Margurette Pitts
    (16)    Cheryl Rodgers
    (17)    Christopher Williams

**Estate of Freddie Cotton**

Plaintiffs state that the Estate of Freddie Cotton, through representative Margaret Cotton, wishes to voluntarily dismiss its claim without prejudice. The notes from the law firm's contact with the various clients states that the estate representative "wishes to drop this claim; voluntarily dismissing." There are no indications of intentional delay and refusal to respond to telephone messages, such as with those persons for whom dismissal with prejudice was recommended. The record permits only dismissal without prejudice with

respect to the estate. This likely will make little difference, as there is no suggestion the estate will ever wish to rejoin this action or file a separate suit.

**No Property Damage Claims**

Among the purposes of the questionnaire was to determine which of the several Plaintiffs assert a claim for property damages, a claim that will require different and additional discovery beyond that required for the personal injury claims. IP represents in its Motion to Dismiss that there were 42 claimants who served questionnaires but did not complete the pages concerning property damages. Plaintiffs largely agree with IP on this issue and include in their memorandum a list of 40 Plaintiffs who "are claiming no property damages." The disputed claims on this issue will be discussed below, but no discussion is required to recommend dismissal with prejudice of any claim for property damages by the following Plaintiffs:

1. Leonard Anthony
2. Kuchalia Browhow
3. Tajai Burns, through legal guardian, Wayne Burns
4. Wayne Burns
5. Gurs'thangel Cotton, through legal guardian, Margaret Cotton
6. Margaret Cotton
7. Jeffery Fragala
8. Emily Fulmer
9. Cecil Gorman
10. Jaunice Gorman
11. Betty Jean Holmes
12. Estate of Cleveland Holmes, through Personal Representative, Betty Jean Holmes
13. Francis Holmes, through legal guardian, Betty Jean Holmes
14. James Holmes, through legal guardian Betty Jean Holmes
15. Estate of Mary King, through Personal Representative, Robin Payton
16. Alexander Lambert, through legal guardian, Douglas Lambert

17. Douglas Lambert
18. Roberta Ann Lambert
19. Jacob Lambert, through legal guardian, Douglas Lambert
20. Ross Lambert, through legal guardian, Douglas Lambert
21. George Mason
22. Hannah Mitchell, through mother and agent, Betty Jean Holmes
23. Vanessa Moore
24. Arthurnese Nimmer
25. Emma Odom
26. Essel Payton III
27. Kendre' Payton, through legal guardians, Essel & Robin Payton
28. Kirkland Payton, through legal guardians, Essel & Robin Payton
29. Robin Payton
30. Cody Rodgers
31. Christopher Russell
32. Mary (Russell) Otwell
33. Abbygail Sadler, through legal guardians, Scotty & Andrea Sadler
34. Bessie Sadler
35. Christon Blaine (Davis) Sadler, through legal guardians, Scotty & Andrea Sadler
36. Donald Sadler
37. Michael Doran Sadler, through legal guardians, Scotty & Andrea Sadler
38. Michael Smith Jr., through legal guardians, Michael Smith Sr. & Keyshia Watkins
39. Michael Smith Sr.
40. Keisha (Keyshia) Watkin

**Nellie Anthony, Lee Mitchell, and Charles Mitchell, Jr.**

IP included on its "no property" damage list Nellie Anthony, Lee Mitchell, and Charles Mitchell, Jr. Plaintiffs did not include those three persons on the list of those who conceded any property damage claim, and they did not offer any explanation. Plaintiffs' counsel did represent that they were "unsuccessful in obtaining clarification of claims from some individuals," and those three claimants were included on the list of such individuals. IP represents in its reply that these three claimants left blank the questionnaire sections that ask for a description of alleged property damages.

Any property damage claims by these three claimants should be dismissed with prejudice. The claimants had more than ample time to complete a simple questionnaire to describe their alleged property damages. They did not do so. Expeditious case management requires that the these claimants be placed in the category of those who do not claim property damages. All property damage claims by Nellie Anthony, Lee Mitchell, and Charles Mitchell, Jr. should be dismissed with prejudice.

**Uldene Betty Russell**

IP argues that Uldene Betty Russell did not provide sufficient notice of a property damage claim. IP represents in its motion that Russell's responses suggest she may claim damage to personal property but do not provide any information related to ownership and value. IP's motion does not cite any of the several exhibits as including Russell's questionnaire response. Plaintiffs responded that they obtained clarification of some claims and served revised questionnaire responses for several claimants, including Russell. IP states in its reply that Russell's supplemental response "clearly states that she has no property damage claims." IP does not cite to any of the exhibits to its reply as including that supplemental response. The court has gone through the exhibits but has not located a supplemental response by Roberts.

The court trusts that IP has solid grounds for its representation, but the undersigned does not believe it is appropriate to dismiss Roberts' property damage claims based on an unsworn and unsupported representation in a reply brief to which the claimant did not have

an opportunity to respond. However, counsel are encouraged to discuss this issue and determine whether they can voluntarily dismiss any property damage claims by Roberts, so as to avoid the need for further motion practice on this issue.

**The Basinger Claims**

IP's first motion asks for dismissal of all claims by persons who did not submit a timely questionnaire. Included on IP's list of such claimants were Edward, Mason, Tiffani, and Sofie Basinger. Plaintiffs represented in their memorandum that counsel had succeeded in reaching the Basingers and obtaining questionnaire responses. IP urges in its reply that the Basingers' claims nonetheless be dismissed with prejudice because the responses were not received until July 30, 2010, one month after the deadline.

IP does not articulate any prejudice stemming from the untimely submissions, and the timeliness issue will not impact the court's scheduling of the remainder of the litigation. Dismissal of Basingers' claims on untimeliness, alone, is not warranted in these circumstances.

IP also urges in its reply that dismissal is warranted as to Edward, Sofie and Tiffani Basinger because their July 30 responses confirmed that they have no claims against IP. The questionnaire responses are attached to the reply (Doc. 28). These three claimants completed the questionnaires by providing their name, address, prior residences, and the schools and work places where they allege they were exposed to releases from the paper mill. Part V of the questionnaire asks the claimant to identify each illness, injury, or condition that

the claimant alleges was caused, promoted, or accelerated because of exposure. It also asks for an address and description of any parcels of property claimed to have been damaged by actions of IP. Each of these three claimants left Part V completely blank, and there is no hint anywhere else in the questionnaire responses as to the type of claim, if any, these Plaintiffs are asserting.

These bare-bones responses do not serve the purpose of the questionnaire process, which is categorizing the claimants according to their alleged illnesses and forms of damage so that discovery and other litigation tasks may be organized. The responses, for all practical purposes, are only slightly better than no response at all. These claimants had more than ample opportunity to complete the questionnaires properly, and they were assisted by capable counsel.

Plaintiffs who did not complete the property damage portion of the questionnaire saw their property damage claims dismissed. These three claimants who did not complete the personal injury or property damage claims questions, and who have otherwise not provided any hint as to their underlying claims, should see all of their claims dismissed with prejudice.

**Calvin Lambert**

IP argued in its second motion that three claimants, including Calvin Lambert, had suggested they had a property damage claim but failed to provide any information related to ownership and value. Plaintiffs responded in their memorandum that they had obtained clarification from several claimants and served IP with revised responses. Calvin Lambert

was among the persons listed as serving a revised response. IP's reply does not discuss the other two claimants as to whom this issue was raised in the motion, suggesting their revisions were satisfactory, but IP does argue that Calvin Lambert's revised response is still lacking.

Calvin Lambert's revised responses (Doc. 28, Exhibit C) do not describe any immovable property that is alleged to be damaged. On the final question about property damages, Lambert wrote that he "is not claiming damages to home, but would like to note that he has sustained vehicle damage over the years due to emissions from International Paper." Plaintiff added that when he was employed with IP he was told to use the company carwash to remove chemicals from his car, and IP even provided a technician to inspect the car. If warranted, IP would provide a free paint job. Plaintiff makes this "note" but does not directly or indirectly make any claim for unresolved property damages of any kind. Based on this response, the court should dismiss any property damage claims brought by Calvin Lambert.

**Kirkland Payton**

IP argued in its second motion that Kirkland Payton's response was lacking because Payton did not provide any dates that an alleged condition was first diagnosed or suffered, and did not provide any plausible basis to connect an alleged condition to claimed exposure to emissions from the mill. Plaintiffs responded that Payton had served a revised questionnaire.

Payton's revised response lists as claimed illnesses or conditions chronic bronchitis, allergies, and sinus trouble. The questionnaire asks the claimant to, for each illness or condition, "provide your best judgment as to when each such illness or disease" was first incurred and diagnosed. A form provided to the claimant includes spaces to list those dates as well as a space for any "comment/explanation." Kirkland's mother listed the three claimed illnesses, left blank the spaces for dates, but wrote "Dr. Trejo" as a comment for each claimed illness. IP argues in its reply that Payton's revised response is still lacking because it does not list any dates for when the claimed illnesses were suffered and first diagnosed.

The dates might be helpful in allowing IP to begin investigating these claims, but it is virtually certain that IP will request records from Dr. Trejo, identified in the response, and those records will provide the requested information if the claimant was treated for those conditions. The claimant substantially complied with the requirements of the questionnaire, and IP will not be unduly prejudiced by the absence of the requested dates. Dismissal is not warranted under these circumstances.

**Pamela Jackson**

IP attacked the questionnaire responses by Pamela Jackson as inadequate for not providing sufficient information about claimed personal injury. Plaintiffs' memorandum states in Exhibit A2 that Jackson "stated she will be coming in soon to provide clarification

of claims, has been unavailable." IP represents in its reply that it did not receive any revised response from Jackson. Her original response is found at Doc. 28, Exhibit E.

Jackson stated on the portion of the claim for personal injury claims that she suffered from the following illnesses or conditions as a result of exposure to substances released by the mill: "allergies." Jackson did not complete the chart that asked for the dates first suffered or diagnosed, and she did not provide any other information relevant to her claim of allergies, other than assertions that she was exposed while at her residence, school, and place of employment. Jackson also made a claim for paint damages to an automobile.

The court does not condone Jackson's minimal completion of the response, but it is not recommended that her personal injury claim be dismissed at this point. Jackson may be included in the group of persons claiming personal injury, and more specific interrogatories may be directed at her to flesh out the dates and other aspects of the claim. The absence of the dates will not unduly prejudice IP.

**Other Issues**

IP also offered a general argument in its motion that a number of Plaintiffs failed to provide complete responses to the questionnaires. IP represents that some claimants omitted, for example, the year in which their alleged conditions were first diagnosed or suffered, the locations of alleged exposure and time of exposure, the purchase price or approximate value of property, and similar issues. IP asks that the court order Plaintiffs to cure the

deficiencies or by some means limit the Plaintiffs' claims based on the information provided in the responses.

The undersigned does not recommend any specific relief with regard to these general complaints. IP did not feel strongly enough about the deficiencies to direct specific attacks at particular Plaintiffs. The claims should be allowed to go forward and be subjected to the ordinary and more detail-oriented forms of discovery. It appears the questionnaire responses have, despite some deficiencies, adequately served their principal purpose.

The court should also decline to enter a decree that attempts to somehow cabin or limit Plaintiffs' claims based on the questionnaire responses. Plaintiffs will obviously be limited in the general sense that they may not later claim property damages if they did not mention them in their responses, but the court should not attempt to provide a "catch all" ruling that would attempt to limit the scope of the property damage claim to the particular facts provided in response to the quite general questionnaire. Such matters will have to be addressed on a case-by-case basis if they should arise in the course of the litigation.

Accordingly,

IT IS RECOMMENDED that the **Motion to Dismiss Certain Plaintiffs (Doc. 21)** and **Motion to Dismiss Certain Plaintiffs and Claims (Doc. 23)** be granted in part as follows: All claims asserted by the following persons should be dismissed with prejudice:

1. Jonathan Brown
2. Aleshia Davenport
3. Larry Davenport
4. Merle Davis

5. James Hawthorne
6. Jessica Hawthorne
7. Kayla Hawthorne
8. Laura Hawthorne
9. Jaleshia Jackson
10. Carolyn King
11. Hazel May
12. Danasha Nimmers
13. Danessa Nimmers
14. Louis Odom
15. Margurette Pitts
16. Cheryl Rodgers
17. Christopher Williams

All claims by (Estate of) Freddie Cotton should be dismissed without prejudice.

Claims for property damages asserted by the following persons should be dismissed with prejudice:

1. Leonard Anthony
2. Kuchalia Browhow
3. Tajai Burns, through legal guardian, Wayne Burns
4. Wayne Burns
5. Gurs'thangel Cotton, through legal guardian, Margaret Cotton
6. Margaret Cotton
7. Jeffery Fragala
8. Emily Fulmer
9. Cecil Gorman
10. Jaunice Gorman
11. Betty Jean Holmes
12. Estate of Cleveland Holmes, through Personal Representative, Betty Jean Holmes
13. Francis Holmes, through legal guardian, Betty Jean Holmes
14. James Holmes, through legal guardian Betty Jean Holmes
15. Estate of Mary King, through Personal Representative, Robin Payton
16. Alexander Lambert, through legal guardian, Douglas Lambert
17. Douglas Lambert
18. Roberta Ann Lambert
19. Jacob Lambert, through legal guardian, Douglas Lambert
20. Ross Lambert, through legal guardian, Douglas Lambert

21. George Mason
22. Hannah Mitchell, through mother and agent, Betty Jean Holmes
23. Vanessa Moore
24. Arthurnese Nimmer
25. Emma Odom
26. Essel Payton III
27. Kendre' Payton, through legal guardians, Essel & Robin Payton
28. Kirkland Payton, through legal guardians, Essel & Robin Payton
29. Robin Payton
30. Cody Rodgers
31. Christopher Russell
32. Mary (Russell) Otwell
33. Abbygail Sadler, through legal guardians, Scotty & Andrea Sadler
34. Bessie Sadler
35. Christon Blaine (Davis) Sadler, through legal guardians, Scotty & Andrea Sadler
36. Donald Sadler
37. Michael Doran Sadler, through legal guardians, Scotty & Andrea Sadler
38. Michael Smith Jr., through legal guardians, Michael Smith Sr. & Keyshia Watkins
39. Michael Smith Sr.
40. Keisha (Keyshia) Watkin

Claims for property damages asserted by the following persons should be dismissed with prejudice: (1) Nellie Anthony, (2) Lee Mitchell, (3) Charles Mitchell, Jr., and (4) Calvin Lambert.

All claims asserted by the following persons should be dismissed with prejudice: (1) Edward Basinger, (2) Tiffani Basinger, and (3) Sofie Basinger.

It is recommended that the motions be denied in all other respects.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of October, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE