UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SADLER ET AL. | CIVIL ACTION NO. 09-1254 |
| VERSUS | JUDGE ROBERT G. JAMES |
| INTERNATIONAL PAPER CO. | MAG. JUDGE MARK L. HORNSBY |

**RULING**

Pending before the Court is Defendant International Paper Co.'s ("IP") Motion to Dismiss Plaintiffs' First Amended Complaint ("Motion to Dismiss"). [Doc. No. 11]. Plaintiffs filed an Opposition to IP's Motion to Dismiss on February 16, 2010. [Doc. No. 15]. IP filed a Reply on February 23, 2010. [Doc. No. 17].

**I.   BACKGROUND**

On September 29, 2010, Magistrate Judge Mark L. Hornsby issued a Report and Recommendation recommending that IP's Motion to Dismiss be GRANTED IN PART and DENIED IN PART. [Doc. No. 29]. On October 12, 2010, Plaintiffs filed objections to the Magistrate Judge's Report and Recommendation. [Doc. No. 30]. On October 19, 2010, IP filed a Response to Plaintiffs' objections. [Doc. No. 32].

The Court agrees with and ADOPTS the analysis contained in the Report and Recommendation, but DECLINES TO ADOPT the recommendation of the Magistrate Judge that the Court dismiss Plaintiffs' fraud claim and class action. Plaintiffs filed objections to the Report and Recommendation and, in those objections, requested leave to amend their First Amended Complaint. The Court issues this Ruling to address Plaintiffs' objections and implied motion to

amend.[1]  Although the Court is not persuaded by Plaintiffs' objections, the Court GRANTS Plaintiffs leave to amend their fraud claim and their definition of the class.  The Court DENIES Plaintiffs leave to re-plead Count VI as a strict liability claim.

## II. ANALYSIS

### A. Plaintiffs' Objections

Plaintiffs object to the Magistrate Judge's recommended dismissal of Count VII, Fraudulent Suppression,[2] and Plaintiffs' class action allegations.  Plaintiffs assert that these counts, as currently pleaded in their First Amended Complaint [Doc. No. 7], state claims upon which relief can be granted.  The Court is not persuaded.

#### 1. Fraudulent Suppression

Plaintiffs assert that the Magistrate Judge recommended that their fraudulent suppression claim be dismissed because they failed to "allege[] a duty" and did not plead the claim "with sufficient particularity."  [Doc. No. 30, p. 2].  While the Magistrate Judge expressed other concerns about the viability of Plaintiffs' fraud claim, he recommended dismissal because Plaintiffs failed to satisfy the "higher pleading requirement" of Federal Rule of Civil Procedure 9(b).  [Doc. No. 29, p. 16].

In their objections, Plaintiffs fail to explain how their claim, in its current form, "state[s] with particularity the circumstances constituting fraud."  *Id.*  The Court AGREES WITH AND ADOPTS

---

[1] The Fifth Circuit "has held that a district court may construe an issue raised for the first time in an objection to a magistrate judge's report and recommendation as a motion to amend a complaint."  *Palmer v. Johnson*, No. 96-40809, 1997 WL 681100, at *2 (5th Cir. Oct. 8, 1997) (citing *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996)).

[2] Plaintiffs re-style this count as "Negligent Suppression" in their objections to the Report and Recommendation.

2

the Magistrate Judge's analysis of Plaintiffs' fraudulent suppression claim. However, for the reasons set forth later in this Ruling, the Court will grant Plaintiffs leave to amend this claim.

### 2. Class Action Allegations

Plaintiffs allege that their current class definition is adequate "at this stage of the litigation" because "[i]t apprises Defendant, in general terms, of the claims being brought against it and by whom." [Doc. No. 30, p. 5]. Plaintiffs concede, however, that the class definition "will need to be refined by the time Plaintiffs move for Class Certification." *Id.*

Plaintiffs' current definition of the class is "all persons damages [sic] by the hazardous substances, pollutants, contaminants and other toxic materials released into the environment from the Facility." [Doc. No. 7, p. 28]. The Report and Recommendation states, "Plaintiffs' broad and imprecise 'all persons damaged' proposal is not a precisely defined class." [Doc. No. 29, p. 18]. In their objections to the Report and Recommendation, Plaintiffs fail to explain how their proposed class is precisely defined—as it must be, even at the pleadings stage. *See John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 n.3 (5th Cir. 2007) ("Although the text of Rule 23(a) is silent on the matter, a class must not only exist, the class must be susceptible of precise definition. There can be no class action if the proposed class is amorphous or imprecise." (internal quotation marks omitted)) (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 23.21[1], at 23-47 (Matthew Bender 3d ed. 1997)). The Court finds that Plaintiffs' proposed class definition does not apprise IP of the claims being brought against it or the plaintiffs bringing such claims with any level of precision.

Further, the Court notes that Plaintiffs' proposed class definition—persons damaged by hazardous releases from IP's facility—would require the Court to decide whether class members

were injured by IP before allowing them class membership. If a court must make such a determination on the merits, then the class definition is inadequate. *See Romberio v. Unumprovident Corp.*, No. 07-6404, 2009 WL 87510, at *7 (6th Cir. Jan. 12, 2009) (a "'class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class'") (quoting 5 JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 23.21[3][c] (3d ed. 2007)). For the reasons given above and in the Report and Recommendation, Plaintiffs' class action allegations in the First Amended Complaint are inadequate, but, for the reasons set forth below, the Court will grant Plaintiffs leave to amend the definition of the class.

### B. Plaintiffs' Implied Motion to Amend

Plaintiffs request leave to amend three of the claims in their First Amended Complaint. First, Plaintiffs seek to replead Count VI, Negligence Per Se, as a strict liability claim. Second, Plaintiffs seek to more particularly plead Count VII, "the Suppression claim." [Doc. No. 30, p. 1]. Third, Plaintiffs seek to amend the class definition in their class action allegations.

"As a general matter, courts should grant leave to amend pleadings 'freely . . . when justice so requires.'" *Garcia v. Unit Drilling Co.*, No. 10-20222, 2010 WL 3824641, at *2 (5th Cir. Sept. 28, 2010) (quoting FED. R. CIV. P. 15(a)) (alteration in original). "Normally, 'leave to amend is to be granted liberally unless the movant has acted in bad faith or with a dilatory motive, granting the motion would cause prejudice, or amendment would be futile.'" *Id.* (quoting *Jebaco Inc. v. Harrah's Operating Co.*, 587 F.3d 314, 322 (5th Cir. 2009)). A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*,

4

620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)).

### 1. Negligence Per Se

First, Plaintiffs request leave to amend the negligence per se count of their First Amended Complaint and re-plead it as a strict liability claim. The Court finds that such an amendment would be futile because it would also fail to state a claim upon which relief can be granted.

Strict liability was largely eliminated by the 1996 revisions to the Louisiana Civil Code.[3] Although strict liability still applies in limited circumstances made explicit in the Civil Code,[4] none of those are present here. *See Brown v. Olin Chem. Corp.*, 231 F.3d 197, 200 (5th Cir. 2000). Moreover, Plaintiffs do not ask for leave to plead more facts, but instead contend that the negligence per se section of their First Amended Complaint "also adequately pleads a claim for Strict Liability." [Doc. No. 30, p. 2]. Because Plaintiffs' amendment of Count VI of the First Amended Complaint from a negligence per se claim to a strict liability claim would be futile, the Court denies Plaintiffs' request to amend the claim. Therefore, Count VI is DISMISSED, without leave to amend.

### 2. Fraudulent Suppression

---

[3] *See* LA. CIV. CODE ANN. art. 2317.1 ("The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, *only upon a showing that he knew or, in the exercise of reasonable care, should have known* of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.") (emphasis added); *see also Jackson v. Brumfield*, 2009-2142, p. 3 (La. App. 1 Cir. 6/11/10); 40 So.3d 1242, 1243 ("The 1996 amendment enacting [article 2317.1] abolished the concept of strict liability governed by prior interpretation of [article 2317].").

[4] Strict liability applies in the following circumstances: to dog owners, explosives users, pile drivers, parents of minor children, and persons exposed to vicarious liability. LA. CIV. CODE ANN. arts. 667, 2318, 2320, 2321; *see also* Joseph S. Piacun, Comment, *The Abolition of Strict Liability in Louisiana: A Return to a Fairer Standard or an Impossible Burden for Plaintiffs?*, 43 LOY. L. REV. 215, 237 (1997).

Second, Plaintiffs request leave to amend Count VII, Fraudulent Suppression, in order to more particularly plead the claim. The Magistrate Judge construed Count VII as a claim for delictual fraud. In their objections, Plaintiffs do not challenge the Magistrate Judge's construction of their claim. Rather, they request leave to cure the defect identified by the Magistrate Judge: failure to state with particularity the circumstances constituting fraud.[5] Because Plaintiffs might plead additional facts that state with particularity the factual circumstances constituting fraud, the Court GRANTS Plaintiffs' motion to amend Count VII of their First Amended Complaint.

Plaintiffs do not explicitly request leave to state a new claim for "Negligent Suppression" in their objections, but Plaintiffs have re-styled Count VII of their First Amended Complaint as negligent suppression. [Doc. No. 30, p. 2]. To the extent that Plaintiffs request leave to state a new claim for negligent suppression, their request is DENIED. Negligent suppression is not a valid claim under Louisiana law. Therefore, allowing Plaintiffs to assert this claim would be futile.

### 3. Class Action Allegations

Third, Plaintiffs request leave to amend their class action allegations "to restate the class definition in more definite terms." [Doc. No. 30, p. 5]. The Court GRANTS Plaintiffs' request to

---

[5] Plaintiffs seem to believe that the Magistrate Judge took issue with the legal foundation of their fraud claim. For example, Plaintiffs argue that they "have identified the statutes that create the duties IP must comply with, even though they may not have spelled out the exact applicable code section or CFR section. Plaintiffs believe this is sufficient while, Magistrate Judge Hornsby wishes more particularity." [Doc. No. 30, p. 5]. Although the Report and Recommendation implies that there might be legal insufficiencies in Count VII, the Magistrate Judge ultimately recommends dismissal of the claim because Plaintiffs failed to plead the *facts* of the claim with sufficient particularity. [*See, e.g.*, Doc. No. 29, p. 16 ("Plaintiffs are asserting fraud by omission, so they should have identified with at least a fair degree of particularity the alleged omissions.")].

amend Count IV,[6] Class Action Allegations, to precisely define the proposed class of plaintiffs.

### III. CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Report and Recommendation of the Magistrate Judge. The Court ADOPTS the analysis of the Report and Recommendation, GRANTS IN PART IP's Motion to Dismiss, and DISMISSES WITH PREJUDICE Plaintiffs' claims for wantonness and intentional infliction of emotional distress, unjust enrichment, and negligence per se. Although the Court also ADOPTS the analysis of the Report and Recommendation with regard to Plaintiffs' claim of fraudulent suppression and their class action allegations, the Court DECLINES TO ADOPT the Magistrate Judge's recommendation to dismiss these claims and DENIES IP's Motion to Dismiss these claims. Instead, the Court GRANTS Plaintiffs' implied motion to amend these claims. Plaintiffs have thirty (30) days to amend their First Amended Complaint. If Plaintiffs fail to amend within this time, then these claims will be dismissed as well.

MONROE, LOUISIANA, this 9th day of December, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[6] The Court notes that two counts of Plaintiffs' First Amended Complaint are listed as Count IV: Negligence (¶¶ 56-61) and Class Action Allegations (¶¶ 87-91).