RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY B. MOORE, CLERK
DATE _____
BY _____

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **SADLER ET AL.** | **CIVIL ACTION NO. 09-1254** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **INTERNATIONAL PAPER CO.** | **MAG. JUDGE MARK L. HORNSBY** |

**RULING**

Pending before the Court are Defendant International Paper Co.'s ("IP") Motion to Dismiss Certain Plaintiffs [Doc. No. 21] and Motion to Dismiss Certain Plaintiffs and Certain Claims [Doc. No. 23]. Plaintiffs did not file a timely response to IP's Motion to Dismiss Certain Plaintiffs. However, Plaintiffs filed a Response to IP's Motion to Dismiss Certain Plaintiffs and Certain Claims. [Doc. No. 27]. IP filed a Reply on August 27, 2010. [Doc. No. 28].

On October 18, 2010, the Magistrate Judge issued a Report and Recommendation recommending that IP's Motion to Dismiss be granted in part and denied in part. [Doc. No. 31]. No objections were filed to the Report and Recommendation. The Court agrees with and ADOPTS the Report and Recommendation with three exceptions.

First, the Court DECLINES TO ADOPT the Magistrate Judge's recommendation that Plaintiff Calvin Lambert's ("Lambert") property claims be dismissed. In this case, the Magistrate Judge ordered all Plaintiffs to complete a discovery questionnaire providing specific information about their claimed injuries. The Magistrate Judge found that, while Lambert made a "note" in his questionnaire that "he has sustained vehicle damage over the years due to emissions from International Paper," he did not "directly or indirectly make any claim for unresolved property damages of any kind." [Doc. No. 31, p. 13].

Although Lambert failed to answer several questions about his property damages on his questionnaire, he alleged that he experienced vehicle damage over the years as a result of IP's emissions. While Lambert mentioned that IP provided services designed to remedy employees' vehicle damage, such as car washes and free paint jobs, he did not state that his particular vehicle damage was remedied by these services.

In short, Lambert sets forth a claim for property damages in his questionnaire, and the Court declines to undertake the drastic remedy of dismissing his claim with prejudice for violating a discovery order. Although he has failed to provide responses to all questions about his property damages (a technical violation of the Court's discovery order),[1] this failure to comply does not appear to result from "wilfulness or bad faith," evidence "a clear record of delay or contumacious conduct," or materially prejudice IP. *See FDIC v. Connor*, 20 F.3d 1376, 1380-81 (5th Cir. 1994). There will, necessarily, be additional discovery in this case, and Lambert has given IP notice of his damages with enough specificity to facilitate further discovery. Therefore, IP's motion to dismiss Lambert's claim for property damage is DENIED.

Second, the Court DECLINES TO ADOPT the Magistrate Judge's recommendation that the property claims of Plaintiffs Nellie Anthony ("Anthony"), Lee Mitchell ("Mitchell"), and Charles Mitchell, Jr. ("Mitchell, Jr.") be dismissed. IP included Anthony, Mitchell, and Mitchell, Jr. on its list of Plaintiffs who are not claiming property damage. IP represents that these Plaintiffs left their questionnaires blank in the property damages section. Plaintiffs' counsel did not include them on his list of Plaintiffs not claiming property damage, but did note that they had not provided clarification of their claims. It is not clear to the Court what that means.

---

[1] The Magistrate Judge stated, "The deadline for each Plaintiff to deliver their *completed* questionnaire to counsel for Defendant is **June 30, 2010**." [Doc. No. 20, p. 1 (first emphasis added)].

2

The record does not contain an exhibit of Anthony's, Mitchell's, or Mitchell, Jr.'s questionnaire. Although IP asserts that these Plaintiffs left the property damages section of their questionnaire blank, it failed to attach the questionnaires, as it did for other Plaintiffs whose claims it challenged. [*See* Doc. Nos. 28-1, 28-2, 28-3, 28-4, & 28-5]. Based on the record before the Court, it would be improper to dismiss these Plaintiffs' claims with prejudice. Therefore, IP's motion to dismiss Anthony's, Mitchell's, and Mitchell, Jr.'s claims for property damages is DENIED.

Third, the Court DECLINES TO ADOPT the Magistrate Judge's analysis of Uldene Betty Russell's property claims. After the Magistrate Judge issued his Report and Recommendation, the parties stipulated that all property claims of Uldene Betty Russell would be voluntarily dismissed with prejudice. [Doc. No. 33].

MONROE, LOUISIANA, this _7_ day of January, 2011.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE
