UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DONALD SADLER, ET AL                 CIVIL ACTION NO. 09-cv-1254

VERSUS                                       JUDGE JAMES

INTERNATIONAL PAPER CO.          MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

       Plaintiffs are more than 70 adults and minors who assert claims for damages allegedly caused by hazardous substances that were discharged by a paper mill operated in Bastrop by International Paper Company ("IP"). The court earlier granted in part IP's motion to dismiss certain counts and the class action allegations, but with the provision that Plaintiffs could attempt to amend their complaint and cure some of the deficiencies. See Docs. 29 and 34. Plaintiffs responded with a Third Amended Complaint (Doc. 51), which IP has now attacked with another Motion to Dismiss (Doc. 52). For the reasons that follow, it is recommended that IP's motion be granted in part and denied in part.

**Count VII; Fraudulent Suppression**

       Count VII of the complaint that was the subject of the earlier ruling contained allegations that IP violated duties created by state and federal environmental laws by not warning Plaintiffs of potential exposure to hazardous material emitted by its facility. IP attacked the claim on the grounds that Louisiana does not recognize a tort claim for

fraudulent suppression and that the Civil Code articles regarding fraud are limited to matters of contract. Plaintiffs cited no authority in their response that would lend viability to the count, but the undersigned noted in the Report and Recommendation that Louisiana does recognize a cause of action for delictual fraud. It was recommended, however, that the count be dismissed because Plaintiffs had not alleged fraud with the specificity required by Fifth Circuit precedent. Doc. 29, pp. 15-16.

Plaintiffs asked in their objections that they be allowed an opportunity to amend the complaint and attempt to state with particularity the circumstances constituting delictual fraud, and Judge James granted that request. Doc. 34. Plaintiffs added three and one-half sentences to the count, and IP once again attacked it for lack of the required specificity. Plaintiffs responded that they "consent to the dismissal of the fraudulent suppression claim without prejudice." Doc. 61. Plaintiffs state that they cannot allege the required level of detail without first obtaining discovery from IP, and they ask for dismissal without prejudice so that they might later amend again and attempt to make out a claim. IP argues that the purpose of Rule 9(b) is to weed out meritless fraud claims and prevent such fishing-expedition discovery, and Plaintiffs have had ample opportunity to amend already, so the dismissal should be with prejudice.

It does not matter how the court designates this interlocutory dismissal. Any order, however designated, that adjudicates fewer than all the claims does not end the action and may be revised at any time before the entry of a final judgment that does adjudicate all claims among all parties. Fed. R. Civ. Proc. 54(b). The undersigned is ordinarily willing to

entertain a motion for leave to amend even with respect to a previously dismissed claim so long as the proposed amendment is filed before the pleadings deadline in the scheduling order.

The court recently adopted the parties' proposed Case Management Plan. Docs. 60 and 64. The plan provides in Section III for the joinder of new plaintiffs and amendment of pleadings. Section III discusses the possible addition of new plaintiffs, to be accompanied by an appendix with certain information. The plan states that if the court accepts the appendix process, "the parties do not anticipate the need for further amendment to the pleadings." They then reserve the right to seek leave to amend "if unforseen circumstances arise." Accordingly, it is recommended that Count VII (fraudulent suppression) be dismissed without prejudice to the right to renew the claim by a proposed amendment if Plaintiffs can file it within the framework of their agreed Case Management Plan.

**Class Action Allegations**

"The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23." John v. National Security Fire & Casualty Company, 501 F.3d 443 (5th Cir. 2007). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." Id. One requirement is that the class be susceptible of a precise, rather than amorphous or imprecise, definition. The definition must make it administratively feasible for the court to determine, based on objective and practical criteria, whether a person is or is not a member of the class. And the definition is inadequate

if the merits must be examined to determine class membership. Moore's Federal Practice, § 23.21[1] - [3][c].

Plaintiffs proposed in the prior complaint a class of all persons damaged by hazardous substances and materials released into the environment from the facility. The undersigned recommended dismissal because the proposed class was not defined with adequate precision. The Report and Recommendation noted that this would not prevent Plaintiffs from attempting to craft a lawful definition of a class and timely moving for leave to amend their complaint. Doc. 29, pp. 18-19.

Judge James adopted the recommendation, citing the authorities above, as well as noting that the proposed class definition would require the court to decide whether class members were injured by IP before allowing them class membership. That merits determination made the definition inadequate. See Romberio v. Unum Provident Corp., 2009 WL 87510, *7 (6th Cir. 2009) (a "class definition is inadequate if a court must make a determination of the merits of the individual claims to determine whether a particular person is a member of the class."). Judge James added that Plaintiffs would be allowed the opportunity to amend their class action allegations and attempt to precisely define the proposed class of plaintiffs. Doc. 34.

Plaintiffs have now attempted, in their Third Amended Complaint, to address the deficiencies in their original class definition. They set forth three proposed classes, as follows (with italics and bracketed material added by the undersigned):

Class A [persons with property damage]

All *persons* who on the date of the filing of the Complaint or Amended Complaint:

a. owned *real property* located in whole, or in part, within two miles of the outer boundary of the Facility; an area which has been contaminated by the Hazardous Substances, Particulate Matter, and/or Noxious Odors released into the environment from the Facility;

b. which was contaminated by the Hazardous Substances, Particulate Matter, and/or Noxious Odors released into the environment from the Facility; and

c. who suffered damages as a result in the form of a diminution in value of the real property in excess of $100.00.

Class B [entities with property damage]

All *entities* that on the date of the filing of the Complaint or Amended Complaint:

a. owned *real property* located in whole, or in part, within two miles of the outer boundary of the Facility; an area which has been contaminated by the Hazardous Substances, Particulate Matter, and/or Noxious Odors released into the environment from the Facility;

b. which was contaminated by the Hazardous Substances, Particulate Matter, and/or Noxious Odors released into the environment from the Facility; and

c. that suffered damages as a result in the form of a diminution in value of the real property in excess of $100.00.

Class C [persons with losses including personal injuries]

All *persons* who on the date of the filing of the Complaint or Amended Complaint:

a. resided within two miles of the outer boundary of the Facility, an area which has been contaminated by the Hazardous Substances, Particulate Matter, and/or Noxious Odors released into the environment from the Facility;

> b. who have *losses occasioned by International Paper's actions, including*, *personal injuries*, medical problems, and fear of future medical problems, which were proximately caused by the release of the Hazardous Substances, Particulate Matter, and Noxious Odors into the environment from the Facility; and
>
> c. who suffered damages as a result in excess of $100.00.

Plaintiffs excluded from each of the three classes IP's officers, directors, employees, legal representatives, heirs, successors, and assigns.

Rule 23(c) provides that the court must, at an early practicable time, determine whether to certify the action as a class action. An order that certifies a class action must define the class and the class claims, issues, or defenses. Some defendants do not wait for the plaintiffs to file a motion to certify before they contest the class-action allegations. They file a motion to dismiss or strike the class action allegations before the case reaches the certification stage. Granting such a motion was affirmed in John, 501 F.3d 443, where the plaintiffs did not even try to defend on appeal the class definition they offered in the district court. Granting such a motion should not be the norm, but it is "appropriate where the unsuitability of class treatment is evident on the face of the complaint and incontrovertible facts." 1 McLaughlin on Class Actions, § 3:4 (6th ed.). If the viability of a class depends on factual matters that must be developed through discovery, the motion should be denied pending the full-blown certification process. Id.

The Fifth Circuit has held that it is elementary that the class sought to be represented "must be adequately defined and clearly ascertainable." DeBremaecker v. Short, 433 F.2d 733, 734 (5th Cir. 1970) (proposed class of residents of the state active in the peace

movement was dismissed). As noted above, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular person is a member of the proposed class. And the identity of the class members must be ascertainable by reference to objective criteria. 1 Newberg on Class Actions, § 2:4, n.1 (4th ed.); Moore's Federal Practice, § 23.21[1] - [3][c]. But the class "does not have to be so ascertainable that every potential member can be identified at the commencement of the action." 7(a) Wright & Miller, Federal Practice & Procedure Civ., § 1760 (3d ed.). Courts may properly "look below the surface of a class definition" to determine whether the process of ascertaining membership will impermissibly delve into subjective determinations. McLaughlin, § 4:2. "Although class members need not be ascertained prior to certification, it must be evident at the certification stage that they will be ascertainable at some point in the case." Id.

IP argues that the class allegations should be dismissed immediately because there is no chance they can ever meet the ascertainability requirement. IP invokes Benefield v. International Paper Co., 270 F.R.D. 640 (M.D. Ala. 2010) which, in a similar case regarding a paper manufacturing facility in Alabama, rejected a proposed class that was defined much like proposed Class A. That contest took place within the context of a motion to certify class, not a mere motion to dismiss, and there was expert testimony and other evidence to flesh out the issues. Those plaintiffs did not prevail.

A group of plaintiffs did recently obtain certification from a district court in a mass tort context. The class consisted of persons who were present on the Chalmette National

Battlefield on the afternoon of January 12, 2007, and who sustained damage from exposure to coke dust released by a nearby refinery. Despite the fairly narrow and ascertainable class, the Fifth Circuit reversed certification, largely because plaintiffs had not explained to the district court how common issues would predominate over the various issues that would affect only individual members. Madison v. Chalmette Refining, LLC, 637 F.3d 551 (5th Cir. 2011). That case was not decided within the context of a motion to dismiss or strike class allegations, and it does not rest on the ascertainability requirement at issue here, but it does contain a great deal of discussion about the demanding requirements to obtain class certification in a mass tort case. The Fifth Circuit cited the Advisory Committee's note to Rule 23 that a "mass accident" resulting in injuries to numerous persons is "ordinarily not appropriate for a class action because of the likelihood that significant questions, not only of damages but of liability and defenses to liability, would be present, affecting the individuals in different ways."

Certifying such an action brings on administrative burdens, but it often gains little in return because of the eventual need for individual or small-group separate trials. In fact, that is the same process that will occur if this case is not certified as a class action and proceeds as is. The parties' Case Management Plan provides for the use of test plaintiffs in just such a fashion, and that kind of litigation process may be more efficient than a class action when it comes to expeditiously resolving this mass tort case.

The decision whether to dismiss the proposed class definitions is a close one (some district courts have dismissed similar class allegations). Nevertheless, it is recommended

that the allegations be allowed to survive this pleadings review and be tested, if Plaintiffs elect to continue the certification effort, by a motion to certify. The parties' Case Management Plan provides that if the amended class allegations survive this motion challenge, Plaintiffs will file any motion for class certification, along with all supporting evidence and expert deposition testimony (if any), by March 30, 2012. If Plaintiffs elect to pursue certification, that motion will allow them a full opportunity to explain and demonstrate, with any supporting evidence, that they can propose ascertainable classes and meet the predominance, numerosity, adequate representation, and other requirements for class certification with respect to all or some issues.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 52)** be **granted in part** by dismissing without prejudice Count VII (fraudulent suppression) and **be denied in all other respects**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of July, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE