UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONALD SADLER, ET AL.** | **CIVIL ACTION NO. 09-1254** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **INTERNATIONAL PAPER CO.** | **MAG. JUDGE MARK L. HORNSBY** |

**RULING**

Pending before the Court is Defendant International Paper Co.'s ("IP") Motion for Summary Judgment on Plaintiffs' Counts of Trespass and Public Nuisance, and as to All Property Damage Claims. [Doc. No. 142]. Plaintiffs do not oppose the motion. For the following reasons, IP's motion is GRANTED.

**I.     Facts and Procedural Background**

IP formerly operated a pulp and paper mill in Bastrop, Louisiana. IP permanently closed the mill in December, 2008. Since that time, the physical structures at the former mill have been demolished.

On July 28, 2009, Plaintiffs brought suit against IP for trespass, public nuisance, private nuisance, negligence, intentional infliction of emotional distress, negligence *per se*, fraudulent suppression, and unjust enrichment, all based on IP's alleged release of hazardous substances into the air. After discovery and motion practice, currently Plaintiffs have remaining claims for trespass, public nuisance, private nuisance, and negligence. In addition to their claims for personal injury, Plaintiffs assert in their Complaint that they are entitled to damages for "diminution in value of and stigma to property," "assessment and remediation damages and costs," and "the loss of use and

enjoyment of property because of annoyance, discomfort, inconvenience, and other damages caused by conditions created by [IP]." [Doc. No. 51, ¶¶ 42, 48, 53, and 59].

On June 9, 2010, following a status conference with the parties, Magistrate Judge Hornsby ordered Plaintiffs to submit completed Court-ordered questionnaires to IP by June 30, 2010. After completion of the questionnaires, the Court dismissed with prejudice property damages claims of forty of the original seventy-nine Plaintiffs. [Doc. No. 39, pp. 2-3]. The Court later dismissed the property damages claims of five other Plaintiffs, pursuant to the parties' joint motion. [Doc. No. 41]. Finally, the Court ordered the dismissal of all of certain classes of Plaintiffs who had asserted only property damage, also pursuant to the parties' joint motion. [Doc. No. 103].

Since the dismissals of these Plaintiffs, additional Plaintiffs have been added, but none of the added Plaintiffs have asserted property damages claims. Of all Plaintiffs, only eleven included any information about alleged property damages. However, two of those, Richard Russell and Scotty Sadler, confirmed that, consistent with Plaintiffs' discovery responses, that Plaintiffs are now pursuing only personal injury damages. Thus, the uncontested facts show that no current Plaintiff is asserting a claim that IP injured any interest in his or her real property or injured any interest in his or her personal property.

## II. Law and Analysis

### A. Standard of Review

A motion for summary judgment cannot be granted simply because there is no opposition. The Court may grant an unopposed motion for summary judgment "if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3). Summary judgment is mandated when the record shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, but does not need to negate the elements of the nonmovants' case. *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether a response was filed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

Plaintiffs failed to file an opposition and statement of contested material facts, and, thus, IP's statement of uncontested material facts is deemed admitted for the purposes of the instant motion. Local Rule 56.2.

   **B.   Request for Property Damages and Claims of Trespass and Public Nuisance**

IP moves for summary judgment on Plaintiffs' claims of trespass and public nuisance and on their request for property damages. The Court finds that IP is entitled to summary judgment.

First, it is undisputed that Plaintiffs no longer assert any damage to property. Therefore, IP's Motion for Summary Judgment is GRANTED as to Plaintiffs' request for this type of damages on any of their underlying claims.

Second, Plaintiffs cannot meet the required showing for their claim of trespass. In order to prevail on a claim of trespass, Plaintiffs must prove that IP committed an "unlawful physical invasion of the property or possession of another." *Dickie's Sportsman's Ctrs., Inc. v. Dep't of*

*Transp. & Dev.*, 477 So.2d 744, 750-51 (La. App. 1st Cir. 1985). Plaintiffs must also "establish a causal nexus between the encroachments on [the] property and the damage" claims. *Id.* at 751. If Plaintiffs no longer assert any right to property damages, then they cannot establish this causal nexus, even if there was a physical invasion. IP's Motion for Summary Judgment is GRANTED on Plaintiffs' trespass claim.

Finally, Plaintiffs cannot meet the required showing for their claim of public nuisance. A private litigant may sue to **abate** a public nuisance, "provided that, if the nuisance is not abated, he will suffer a special damage therefrom different from that which is common to all." *Carbajal v. Vivien Ice Co.*, 104 So. 715, 716 (La. 1925); *see also State ex rel. Dema Realty Co. v. McDonald*, 121 So. 613, 616 (La. 1929). However, the Bastrop mill was closed in 2008, and, thus, there is no alleged nuisance to abate. Accordingly, IP's Motion for Summary Judgment is also GRANTED on Plaintiffs' public nuisance claim.

### III. Conclusion

For the foregoing reasons, IP's Motion for Summary Judgment on Plaintiffs' Counts of Trespass and Public Nuisance, and as to All Property Damage Claims [Doc. No. 142] is GRANTED. Plaintiffs' claims of trespass and public nuisance and request for property damages are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 14th day of March, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE