UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DONALD SADLER, ET AL.** | **CIVIL ACTION NO. 09-1254** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **INTERNATIONAL PAPER CO.** | **MAG. JUDGE MARK L. HORNSBY** |

**RULING**

Pending before the Court is Defendant International Paper Co.'s ("IP") "Motion for Reconsideration of the September 19, 2014 Ruling and Order Denying the Motion to Exclude the Report, Opinions, and Testimony of Dr. Allan R. Goldstein" [Doc. No. 213]. Plaintiffs filed a memorandum in opposition to the motion. [Doc. No. 217].

On September 19, 2014, the Court issued a Ruling [Doc. No. 203] and Order [Doc. No. 204] denying IP's Motion to Exclude the Report, Opinions, and Testimony of Dr. Allan R. Goldstein [Doc. No. 140]. Recounting the facts and procedural history, the Court noted that Dr. Goldstein had "reviewed medical records, depositions, and deposition summaries" of the test Plaintiffs [Doc. No. 200] and that he also reviewed the February 28, 2013 evaluation report by Dr. James Clark and the February 20, 2013 report by Dr. Stephania Cormier. [Doc. No. 151, Exh. 8, at p. 1].

Based on the cited materials, Dr. Goldstein opines that certain of the Test Plaintiffs "have asthma and/or respiratory problems." *Id.* He further opines that the information he reviewed "would support a causal relationship between exposure to dusts and chemicals released by [IP] in Bastrop, Louisiana, and the development and/or exacerbations of asthma in all cases except for Jamieon Akins." *Id.* Finally, he opines that "[i]t is my professional opinion, to a reasonable degree of

medical certainty, that the toxic chemicals and particulater [sic] matter, as set forth by Dr. Clark and Corm[i]er either caused and/or contributed to the above patients['] respiratory medical conditions." *Id.* Having reviewed and considered the parties' arguments and the evidence in the record, the Court found Dr. Goldstein's testimony sufficiently relevant and reliable to be admissible at trial on diagnosis and causation.

IP now moves the Court to reconsider that portion of its Ruling and Order denying IP's motion to exclude Dr. Goldstein's specific causation opinion.[1]

At the time the Ruling and Order on Dr. Goldstein issued, the Court had not yet considered IP's separate motions to exclude the testimony of Drs. Clark and Cormier. The Court has now granted IP's motions to exclude the opinions of Drs. Clark and Cormier. In its September 30, 2014 Ruling, the Court held that "Dr. Clark's exposure opinions are unreliable" because they are based on "the maximum emission levels allowed by IP's regulatory permits" and not on actual emissions. [Doc. No. 207, p. 8]. The Court also excluded Dr. Clark's general and specific causation opinions because they relied on his exposure opinions. *Id.* at pp. 8, 9 n.3. The Court then excluded the general causation opinion of Dr. Cormier because it was also based on Dr. Clark's flawed exposure opinion. [Doc. No. 209, pp. 8-9].

As noted in the Court's previous Ruling, Dr. Goldstein's opinion, testimony, and report on causation relies on the opinions of Drs. Clark and Cormier. In light of the exclusion of their testimony, Dr. Goldstein has no basis to support his causation opinion. Accordingly, IP's Motion for Reconsideration [Doc. No. 213] is GRANTED. Dr. Goldstein's report, opinion, and testimony

---

[1] IP does not move the Court to reconsider its ruling that Dr. Goldstein may offer his report, opinion, and testimony on the Test Plaintiffs' medical diagnoses of asthma and/or respiratory conditions.

that the Test Plaintiffs' alleged respiratory conditions were caused and/or exacerbated by exposure to emissions from International Paper Co.'s Louisiana Mill are EXCLUDED.

MONROE, LOUISIANA, this 14th day of November, 2014.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE